UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT E. CHALUE, JR. and
SHELLY L. CHALUE,

    Plaintiffs,

v.                                                                        Case No.:  8:25-cv-2533-WFJ-CPT

MONARCH NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

**HURRICANE
<u>INTERIM PROTECTIVE ORDER</u>**

    The following restrictions and procedures apply to certain information, documents, and excerpts from information and documents the parties exchange in response to the Automatic Discovery set forth in the Hurricane Scheduling Order:

    1.    Any party may designate as "Confidential" any document, or information contained or revealed in a document, if the party determines, in good faith, that the designation is necessary to protect the party's interests. Information and documents a party designates as confidential will be stamped "CONFIDENTIAL." Such confidential information or documents are referred to collectively as "Confidential Information."

2. Unless the court orders otherwise, the Confidential Information will be held in confidence and may only be used in this litigation.

3. If a party challenges another party's Confidential Information designation, counsel must make a good-faith effort to resolve the dispute. If that is unsuccessful, the challenging party may seek resolution by the court. Producing Confidential Information is not an admission by any party that the information is relevant or admissible. Each party reserves the right to object to the use or admissibility of all Confidential Information.

4. "Confidential Information" must not be disclosed, except to:

   a. the requesting party and counsel, including in-house or agency counsel;
   b. employees of counsel assigned to and necessary to assist in the litigation;
   c. consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel;
   d. any person from whom testimony is taken or is to be taken in this litigation, but that person may be shown the Confidential Information only in preparation for, and during, the testimony and may not retain the Confidential Information; and
   e. the judge and court staff, including the clerk, case manager, and court reporter, or other person with access to Confidential Information by virtue of his or her position with the court or the jury.

5. Before disclosing or displaying Confidential Information to any person, a party must:

   a. inform the person of the confidential nature of the information and documents; and

      b. inform the person that the court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Confidential Information may be displayed to and discussed with the persons identified in paragraphs 4(c) and (d) only on condition that before any such display or discussion, each person must be asked to sign an agreement to be bound by this order in the form attached as Exhibit A. If the person refuses to sign an agreement in the form attached, the party seeking to disclose the Confidential Information may seek relief from the court.

7. The disclosure of a document or information without designating it as "Confidential Information" does not forfeit the right to designate the document or information as "Confidential Information" under this order. If designated, the document or information will be treated as Confidential Information subject to this order.

8. Before filing any Confidential Information or making use of it in other papers filed with the court, the parties will confer about whether the Confidential Information must be presented to the court, whether it is so sensitive that it plausibly warrants filing under seal, and whether use without sealing may be accomplished by redacting confidential but not germane information. The parties are to work cooperatively both to minimize the need to file anything under seal and to request sealing when potentially appropriate.

9. At the conclusion of this litigation, Confidential Information and any copies must be promptly (and in no event later than 60 days after entry of final judgment no longer subject to appeal) returned to the producing party or certified as destroyed, except that the parties' counsel may retain their working files on the condition that those files will remain confidential.

10. Pursuant to Federal Rule of Evidence 502(d) and any similarly applicable state laws, producing documents or information, including Confidential Information, in this litigation does not forfeit any attorney-client privilege or work-product protection for the documents or information.

This order does not diminish the right of any party to apply to the court for a different or additional protective order relating to Confidential Information, to object to the production of documents or information, to apply to the court for an order compelling production of documents or information, or to modify this order. Any party may seek enforcement of this order and the court may sanction violations.

**ORDERED** on September 22, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record